IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| | CIVIL ACTION NO.: |
| v. | |
| BOCA GROUP, LLC d/b/a/ MENORAH HOUSE, | |
| Defendant. | |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Philomene Augustin ("Ms. Augustin") who was adversely affected by such practices.

As alleged with greater particularity in paragraphs 7 through 25 below, the Equal Employment Opportunity Commission (the "Commission") alleges that defendant Boca Group, LLC d/b/a Menorah House ("Defendant") discriminated against Ms. Agustin when it failed to provide her a religious accommodation and subsequently terminated her employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

## PARTIES

3. The Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (f)(3).

4. At all relevant times, Defendant has continuously been a Florida corporation doing business in the State of Florida and within the City of Boca Raton and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

## ADMINISTRATIVE PROCEEDINGS

6. More than thirty days prior to the institution of this lawsuit, Ms. Augustin filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF FACTS**

7.	Ms. Augustin is a Seventh Day Adventist and, as part of her religious beliefs and practices, does not perform work on the Sabbath, defined as the time between sundown on Friday and Sundown on Saturday.

8.	Defendant is a nursing and rehabilitation facility that provides both short and long term care to its residents.

9.	In November 1997, Ms. Augustin began working for Defendant as a Certified Nursing Assistant.

10.	On or about November, 1997, Ms. August informed Defendant that she was a Seventh Day Adventist and did not perform work on the Sabbath.  As such, she requested that Defendant not schedule her to work on Saturdays as an accommodation to her religious beliefs.

11.	Defendant accommodated Ms. Augustin's religious beliefs and Ms. Augustin was not scheduled to work on Saturdays from approximately November, 1997 through January, 2009.

12.	On January 15, 2009, Defendant posted a memorandum announcing its decision to require all employees to work every other Saturday and Sunday.

13.	The memorandum stated that "[t]he employees that work only one day on the weekends will now be required to work every other Saturday and Sunday" and that "[p]revious schedule arrangements will no longer be in effect."

14.	Following the posting of this memorandum, Ms. Augustin advised Defendant's Director of Nursing, Elizabeth Stennett ("Ms. Stennett"), that she could not work on Saturdays because of her religious beliefs

15.	Notwithstanding, Defendant scheduled Ms. Augustin to work on Saturday, January 31, 2009.

16. Ms. Augustin did not report to work on Saturday, January 31, 2009.

17. When Ms. Augustin reported to work on Sunday, February 1, 2009, a supervisor instructed her to go home.

18. On February 2, 2009, Ms. Augustin met with Ms. Stennett. Ms. Stennett advised Ms. Augustin that there was no job for her at Menorah House if she was not willing to work on Saturdays. Further, Ms. Stennett refused to accommodate Ms. Augustin's request to work a schedule that did not include Saturdays due to her religious beliefs.

19. On February 2, 2009, Defendant effectively terminated Ms. Augustin's employment because she refused to work on Saturdays due to her religious beliefs.

20. As a result of Defendant's conduct, Ms. Augustin suffered damages.

## STATEMENT OF CLAIMS

21. Defendant engaged in an unlawful employment practice in violation of 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a) by failing to accommodate Ms. Augustin's sincerely held religious beliefs and by terminating and/or constructively discharging her as a result.

22. The effect of the practices complained of in paragraphs 7 through 20 has been to deprive Ms. Augustin of equal employment opportunities and otherwise adversely impact her status as an employee because of her religion.

23. The unlawful employment practices complained of in paragraphs 7 through 20 above were intentional and caused Ms. Augustin to suffer emotional distress, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or physical injuries.

24. The unlawful employment practices complained of in paragraphs 7 through 20 above were intentional and caused Ms. Augustin to lose earnings, compensation and income including, but not limited to, back-pay.

25. The unlawful employment practices complained of in paragraphs 7 through 20 were intentionally done with malice and/or reckless indifference to the federally protected rights of Ms. Augustin.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in religious discrimination against employees, retaliating against employees who object to religious discrimination, and engaging in any other employment practice that discriminates on the basis of religion.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees of all religions and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Ms. Augustin by providing all affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, reinstatement of Ms. Augustin into her former or a substantially similar position, with a religious accommodation.

D. Order Defendant to make whole Ms. Augustin by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in

paragraphs 7 through 20 including, but not limited to, back-pay, prejudgment interest, and all out-of-pocket expenses, in amounts to be determined at trial.

  E. Order Defendant to make whole Ms. Augustin by providing compensation for past and future non-pecuniary losses resulting form the unlawful employment practices complained of in paragraphs 7 through 20 including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay to Ms. Augustin punitive damages for its malicious and reckless conduct described in paragraphs 7 through 20, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  July 19, 2011

          Respectfully submitted,

          P. DAVID LOPEZ
          General Counsel

          JAMES L. LEE
          Deputy General Counsel

          GWENDOLYN YOUNG REAMS
          Associate General Counsel
          U.S. Equal Employment
          Opportunity Commission
          131 M Street, N.E.
          Washington, D.C.  20507

s/Robert Weisberg_____
ROBERT WEISBERG
Regional Attorney
Florida Bar No: 285676

s/Kimberly McCoy-Cruz_____
KIMBERLY McCOY-CRUZ
Supervisory Trial Attorney
Florida Bar No: 153729

s/Kristen Foslid_____
KRISTEN FOSLID
TRIAL ATTORNEY
Florida Bar No: 0688681
Equal Employment Opportunity
Commission
Miami District Office
Two South Biscayne Blvd., Su. 2700
Miami, Florida 33131
Tel: 305-808-1808
Fax: 305-808-1835
kristen.foslid@eeoc.gov