UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                          Case No.: 11-CV-80825-RYSKAMP/VITUNAC

BOCA GROUP, LLC *doing business as*
MENORAH HOUSE,

    Defendant.
_____/

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                            Case No.: 12-CV-80172-RYSKAMP/VITUNAC

BOCA GROUP, LLC *doing business as*
MENORAH HOUSE,

    Defendant.
_____/

## CONSENT DECREE

**THIS CAUSE** comes before the Court on the parties' joint motion to consolidate cases and for approval of consent decree **[DE 17]** filed on March 6, 2012, which has been granted.[1]

This Consent Decree ("Decree") is made and entered into by and between Plaintiff Equal Employment Opportunity Commission ("EEOC"), and Defendant Boca Group, LLC d/b/a Menorah House ("Menorah House").  EEOC and Menorah House are collectively referred to as the "Parties" throughout this Decree.

---

[1] The above-styled cases have been consolidated solely for the purpose of entering this consent decree.

## INTRODUCTION

1. EEOC filed an action under Case No. 11-80825-CIV-RYSKAMP/VITUNAC on July 19, 2011, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*, ("Title VII") to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Charging Party Philomene Augustin ("Charging Party Augustin").

2. EEOC alleges that Menorah House violated Title VII by failing to accommodate Charging Party Augustin's sincerely held religious beliefs and by terminating and/or constructively discharging her as a result. Menorah House denies the EEOC's allegations.

3. EEOC filed an action under Case No. 9:12-cv-80172-KLR on February 9th, 2012, under Title VII to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Charging Party Elda Thomas ("Charging Party Thomas").

4. EEOC alleges that Menorah House violated Title VII by failing to accommodate Charging Party Thomas's sincerely held religious beliefs and by terminating her employment. Menorah House denies the EEOC's allegations.

5. In the interest of resolving these matters, to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that these actions should be finally resolved by entry of this Decree. This Decree is final and binding on the Parties, their successors, and assigns.

6. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

7. If one or more of the provisions are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate

the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

8.  This Decree fully and finally resolves any and all issues and claims asserted in the Complaint filed by EEOC in Case No. 11-80825-CIV-RYSKAMP/VITUNAC and 9:12-cv-80172-Ryskamp/Vitunac. No party admits the claims or defenses of the other.

9.  The Parties acknowledge that this Decree does not resolve any Charges of Discrimination that may be pending with EEOC against Menorah House.

## **FINDINGS**

10. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

   a.  This Court has jurisdiction over the subject matter of these actions and the Parties.

   b.  No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree.

   c.  The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Charging Parties and the public interest are adequately protected by this Decree.

   d.  This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the Charging Parties, Menorah House, EEOC and the public.

   e.  The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of Menorah House.

# IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

## GENERAL INJUNCTIVE PROVISIONS

11.     Menorah House shall not discriminate against any person on the basis of religion within the meaning of Title VII.

12.     Menorah House shall not discriminate or retaliate against any person because of opposition to any practice based on religion and made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or assisting and/or participating in any manner in any investigation, proceeding, or lawsuit as a result of an employment practice in violation of Title VII.

## MONETARY RELIEF FOR CHARGING PARTY

13.     Menorah House shall pay Charging Party Augustin the total sum of **$75,000.00** in settlement of the claims raised as follows:

| Back Pay<br>[for which an IRS Form W-2 shall issue] | Compensatory and Punitive Damages<br>[for which an IRS Form 1099 shall issue] |
|---|---|
| $50,000.00<br><br>[less applicable withholding] | $25,000.00 |

This sum will be paid in three equal installments, with the first payment being due to Charging Party Augustin not later than ten (10) calendar days following the Court's approval of this Decree. The second payment shall be due to Charging Party Augustin, not later than forty (40) calendar days following the Court's approval of the Decree.  The last payment shall be due to Charging Party Augustin, not later than seventy (70) calendar days following the Court's approval of the Decree. Payment shall be made payable to Philomene Augustin and shall be delivered, via certified mail, to:

4

4350 NE 15th Terrace, Pompano, FL 33064.  Menorah House agrees to timely provide all appropriate tax related documents to Philomene Augustin at the address set forth above.

14. Menorah House shall pay Charging Party Elda Thomas the total sum of **$50,000.00** in settlement of the claims raised on her behalf as follows:

| **Back Pay** <br> [for which an IRS Form W-2 shall issue] | **Compensatory and Punitive Damages** <br> [for which an IRS Form 1099 shall issue] |
|---|---|
| **$30,000.00** <br><br> [less applicable withholding] | **$20,000.00** |

This sum will be paid in three equal installments, with the first payment being due to Charging Party Thomas not later than ten (10) calendar days following the Court's approval of this Decree.  The second payment shall be due to Charging Party Thomas, not later than forty (40) calendar days following the Court's approval of the Decree.  The last payment shall be due to Charging Party Thomas, not later than seventy (70) calendar days following the Court's approval of the Decree.  Payment shall be made payable to Elda Thomas and shall be delivered, via certified mail, to: 23340 Treeline Drive, Boca Raton, FL  33428.  Menorah House agrees to timely provide all appropriate tax related documents to Elda Thomas at the address set forth above.

15. Copies of the payments and related documents shall be sent contemporaneously to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: Menorah House Consent Decree," at United States Equal Employment Opportunity Commission, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 2700, Miami, Florida 33131.

16. If Charging Parties fail to timely receive the payments described in Paragraph(s) 13 and 14 above, due Menorah House's non-compliance with paragraph(s) 11 and 12 above, then Menorah House shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C.

§6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of EEOC's efforts to enforce this decree in federal court.

## NEUTRAL JOB REFERENCE

17. Menorah House agrees to provide Charging Party Augustin and Charging Party Thomas with a neutral letter of reference in the form of the letter attached hereto as Exhibit A. Charging Party Augustin and Charging Party Thomas should provide prospective employers with a copy of this letter so that any additional reference is not required. In the event, Menorah House receives any inquiries regarding the employment of either Charging Party, Menorah House shall provide information consistent with the information contained in Exhibit A to this Decree, and/or provide a copy of the aforementioned letter. No mention of either charge of discrimination or either lawsuit shall be made as part of any reference.

18. During the term of this Decree, within ten (10) calendar days of responding to any inquiry regarding the employment of either Charging Party Augustin or Charging Party Thomas, Menorah House shall report compliance in writing to the EEOC, including the name and address of the person or entity to whom the letter was provided.

## ADOPTION AND DISTRIBUTION OF POLICY
## AGAINST RELIGIOUS DISCRIMINATION

19. Menorah House will create a revised religious discrimination policy (the "Policy"), consistent with this Decree.

20. The Policy shall include a formal, written procedure for addressing requests for religious accommodations received from employees. The procedure must specify the following:

    a. Absent some compelling unforeseen circumstances requiring an immediate response, Menorah House shall respond to all requests for religious accommodations in writing within ten (10) calendar days of the request.

6

      b.      To the extent that Menorah House denies a request for a religious accommodation, Menorah House will provide a written explanation setting forth the reasons for the denial.

      c.      Menorah House shall not terminate any employee, or treat any employee as having abandoned his or her employment if they violate a work rule as a result of a conflict between the work rule and the employee's religious observance, belief, or practice, during the time period that a request for a religious accommodation is pending.

21. The Policy must clearly define prohibited conduct and specifically prohibit religious discrimination against all employees.

22. The Policy must specify the following:

      a.      Prohibited behavior will not be tolerated from third parties (which the parties interpret to include Menorah House employees, customers, agents, contractors, sub-contractors, clients and any other persons present at any of the Company's facilities and locations).

      b.      Complaints of discrimination based on religion/failure to accommodate may be made to his/her immediate supervisor or directly to Human Resources;

      c.      Employees who make such complaints or provide information related to such complaints will be protected against retaliation;

      d.      Employees will not be required to complain of religious discrimination/failure to accommodate directly to the individual that is engaged in the discriminatory behavior;

      e.      The employer will protect the confidentiality of such complainants to the extent possible and will promptly and thoroughly investigate all complaints;

    f.  The employer will take immediate and appropriate corrective action when it determines that religious-based discrimination or a failure to accommodate has occurred; and

    g.  Employees who violate the policy are subject to discipline, up to and including discharge.

23. A copy of the Policy will be provided to the EEOC for review within thirty (30) calendar days of the Court's approval of this Decree. Thereafter, copies of the Policy will be distributed to each of Menorah House's employees and managers within sixty (60) calendar days of the Court's approval of this Decree.

24. Menorah House will maintain records demonstrating that each employee received and understood the policy. The acknowledgment record must specify:

    a.  The employee's name (Print and signature);

    b.  The date of Policy review; and

    c.  A statement of acknowledgment that indicates the employee has read and understands the Policy;

The acknowledgment records are to be kept in each employee's personnel file.

25. A copy of the policy shall also be included in any relevant policy or employee manual maintained by Menorah House. The Policy must be kept and maintained in a conspicuous and accessible place for all employees of Menorah House and printed in a font that is easily legible (at least 11 point font).

26. New employees will receive a copy of the Policy within 10 business days of the date of the employee's hire. The individual responsible for distributing the company's policies to new employees will specifically review the Policy with each new employee. In addition, Menorah House will maintain records in accordance with paragraph 24 above.

**TRAINING**

27. Menorah House shall provide, and each of its managers, supervisors, and human resources personnel shall attend, two hours of live in-person training, annually, during the term of this Decree (the "Management Training"). The first Management Training shall take place within ninety (90) calendar days of the Court's approval of this Decree.

28. The Management Training shall include the following: (1) an explanation of the prohibition against religious discrimination, the requirements for religious accommodation, and the prohibition against retaliation under Title VII of the Civil Rights Act of 1964; (2) an explanation of the rights and responsibilities of managers, supervisors, and employees under Title VII and Menorah House's Policy; (3) guidance on conducting investigations into EEO complaints and the need for confidentiality.

29. Menorah House also shall provide all current employees with one hour of live in-person training (the "Employee Training"). The Employee Training shall commence within ninety (90) calendar days of the Court's execution of this Decree and the Employee Training shall be completed not later than 120 calendar days from the Court's execution of this Decree.

30. The Employee Training shall include the following: (1) an explanation of the prohibition against religious discrimination, the requirements for religious accommodation and the prohibition against retaliation under Title VII of the Civil Rights Act of 1964; and (2) an explanation of the rights and responsibilities of managers, supervisors, and employees under Title VII and Menorah House's Policy.

31. The Management Training will be conducted by present outside employment counsel retained by Menorah House. In the event that Menorah House retains different outside employment counsel during the duration of this Decree, the Management Training shall be conducted by an entity which is mutually agreed upon by both parties. The Employee Training shall be conducted

by a Menorah House Corporate Representative who is trained by outside employment counsel. Menorah House agrees to provide EEOC with at least three (3) weeks notice before conducting training sessions pursuant to this Decree. In the written notice, Menorah House shall notify EEOC of the dates on which training is scheduled, the name and job title of the person(s)/organization who will conduct the training, a resume of the person conducting the training, and the name and job title of each person who will attend the training.

32. Menorah House agrees to provide EEOC, upon request, with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions. Additionally, Menorah House agrees that the EEOC may, at the EEOC's discretion, attend any training session.

## POSTING OF NOTICE

33. Within ten (10) calendar days from the Court's execution of this Decree, Menorah House shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Exhibit B to this Decree at all of Menorah House's facilities in a conspicuous location, easily accessible to and commonly frequented by Menorah House's employees (*i.e.* employee bulletin board or lunch room). The Notice shall remain posted for three (3) years from the date of entry of this Decree. Menorah House shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Within fifteen (15) calendar days from the Court's execution of this Decree, Menorah House shall certify to EEOC in writing that the Notice has been properly posted as described in this paragraph.

## REPORTING

34. For each year covered by this Consent Decree, Menorah House, through its counsel, shall furnish to EEOC written reports annually for a period of three (3) years following entry of this

Decree. The last report due under the provisions of this decree shall be provided to EEOC, not later than four (4) months before the expiration of the Decree. Each such Report shall contain:

    a.    a certification that the Notice required to be posted in Paragraph 33 above, remained posted during the entire twelve (12) month period preceding the Report;

    b.    a description of each complaint of religious discrimination or request for a religious accommodation received by Menorah House within the twelve (12) month period preceding the report, whether verbal or written, formal or informal, including the names, last known home addresses, home telephone numbers, and cellular telephone numbers of the complaining parties;

    c.    a description of what action, if any, Menorah House took in response to the complaint of religious discrimination and/or request for a religious accommodation;

    d.    the names of any witnesses to each complaint; and

    e.    the resolution of each complaint occurring within the twelve month (12) month period preceding the report. To the extent that Menorah House denies a request for an accommodation, Menorah House shall provide all reasons why the request was denied.

35.    In the event there is no complaints of discrimination or requests for accommodation to report pursuant to this paragraph, Menorah House shall send the EEOC a "negative" report indicating no activity.

## **COMPLIANCE**

36.    The EEOC may review compliance with this Decree at any time during its duration.

37.    If at anytime during the term of this Decree, the EEOC believes or suspects that Menorah House is in violation of the Decree, the EEOC shall have a right to conduct an inspection at Menorah House's facilities. The EEOC must provide Menorah House written notice of its intent, to conduct an inspection by notifying John M. Hament, Esq. c/o Kunkel Miller & Hament, 235 N. Orange Ave., Sarasota, Florida 34236. EEOC must include a brief description of the reason why it

suspects or believes Menorah House is in violation of the Decree. Upon receiving written notice of EEOC's intent to conduct an inspection, Menorah House will find a mutually agreeable date for the EEOC to conduct its inspection, however, any inspection shall occur not later than fifteen (15) business days following Menorah House's receipt of the notice.  As part of its written notice, EEOC agrees to provide the names of any employees and/or managers it seeks to interview as part of its inspection, and Menorah House agrees to make those individuals available for interview not later than fifteen (15) business days following Menorah House's receipt of the notice.  After the inspection, the EEOC shall give notice of any alleged violation(s) to Menorah House.  Thereafter, the parties shall follow the Dispute Resolution Procedure set forth in Paragraph 41 below.

38. Any submissions, reports, certifications, notices, or other materials that are required to be submitted to EEOC shall be mailed to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: Menorah House Settlement," at United States Equal Employment Opportunity Commission, One Biscayne Tower, 2 South Biscayne Blvd., Suite 2700, Miami, Florida 33131.

## NOTIFICATION OF SUCCESSORS

39. Menorah House shall provide prior written notice to any potential purchaser of its business, or a purchaser of all or a portion of Menorah House's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of the Decree.

## DURATION OF THE DECREE

40. The duration of the Decree shall be in effect for a period of three (3) years, which period commences immediately following the Court's approval of the Decree.

## DISPUTE RESOLUTION

41. In the event that EEOC believes that Menorah House has failed to comply with any provision(s) of the Decree, EEOC will notify Menorah House and Menorah House must make a

good faith attempt to cure any breach of the Decree within fifteen (15) business days of notification. The fifteen (15) business days to cure provision of this Paragraph shall not apply, however, to the payment required by Paragraph 10 above.

42. Following the fifteen (15) business day cure period, and consistent with Title VII, EEOC shall have the right to enforce the Decree and/or remedy any breach in this Court.

43. No party shall contest the Court's jurisdiction to hear a dispute arising from the Decree nor challenge EEOC's ability to bring an action to enforce the terms of the Decree in this Court.

## COSTS

44. Each party to this Decree shall bear its own costs associated with this litigation.

45. Menorah House shall bear all costs incurred by the EEOC caused by non-compliance with this decree, including but not limited to any and all costs arising out of EEOC's efforts to enforce this decree and/or remedy any breach in this Court.

The Clerk of Court is directed to **CLOSE** this **CASE** and **DENY** any pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 9 day of March, 2012.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**

### **REFERENCE**

Dear _____,

      This letter is in reference to your request for information regarding the employment of Philomene Augustin.

      _____ was employed as a _____ for Menorah House from _____ to _____. Company policy does not permit us to provide any additional information concerning _____ employment.

      I hope this information is helpful and that it satisfactorily answers your inquiry.

Very truly yours,

_____
Wendy George, Human Resources
on behalf of Menorah House

## **EXHIBIT B**

## **NOTICE TO ALL MENORAH HOUSE EMPLOYEES**

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in <u>EEOC v. Boca Group, LLC d/b/a Menorah House</u>, Case Nos.: 11-80825-CIV-RYSKAMP/VITUNAC and 9:12-cv-80172-Ryskamp/Vitunac.  Pursuant to the Consent Decree, Menorah House has revised its EEO policies to make it easier for employees and supervisors to understand their rights and obligations under Title VII of the Civil Rights act of 1964.  Title VII protects individuals from employment discrimination because of their sex, race, color, religion, national origin, age, or disability.  Menorah House will not condone employment discrimination of any kind.

There will be no intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA), or the Equal Pay Act (EPA) of 1963, or the Americans with Disabilities Act (ADA).

Menorah House assures its employees that it supports Title VII and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated Menorah House's policy prohibiting discrimination.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against or have questions about your rights, you may contact EEOC at (305) 808-1740, or write to EEOC, One Biscayne Tower, 2 S. Biscayne Blvd., Suite 2700, Miami, FL  33131. EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material.

Signed this ___ day of _____, 2012

_____
Administrator, Menorah House

Do Not Remove Before _____.